# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2085CV1379C | Trial Court of Massachusetts The Superior Court | eFile |
|---|---|---|---|

| PLAINTIFF(S): | Kristina Masaitis | | COUNTY | |
|---|---|---|---|---|
| ADDRESS: | 603 West Townsend Road | | Worcester | |
| Lunenburg, MA 01462 | | DEFENDANT(S): | Amadeus North America | |

| ATTORNEY: | Scott A. Lathrop, Esq. | | |
|---|---|---|---|
| ADDRESS: | 176 Fitchburg Road | ADDRESS: | 1050 Winter Street, Suite 300 |
| Townsend, MA 01469 | | Waltham, MA 02451 | |
| BBO: | 287820 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?   [ ] YES   [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................. $
2. Total doctor expenses .............................................................................................................. $
3. Total chiropractic expenses ..................................................................................................... $
4. Total physical therapy expenses .............................................................................................. $
5. Total other expenses (describe below) ..................................................................................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ................................................................... $ 12,000.00
C. Documented property damages to date ..................................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................................... $
E. Reasonably anticipated lost wages .......................................................................................... $ 90,000.00
F. Other documented items of damages (describe below) ............................................................. $

FILED DEC 15 2020 ATTEST: [signature] CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Employment discrimination - wrongful loss of employment income, pain & suffering, and attorney's fees under M.G.L.c. 151B

TOTAL (A-F): $ 102,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X  *Scott A. Lathrop*   Date: 12/9/20

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  *Scott A. Lathrop*   Date: 12/9/20

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                  SUPERIOR COURT
                                                CIVIL ACTION NO. 2085CV1379C

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
KRISTINA MASAITIS,                  \*
    Plaintiff                       \*
                                    \*          **FILED**
v.                                  \*
                                    \*          DEC 15 2020
AMADEUS NORTH AMERICA,              \*
    Defendant                       \*          ATTEST: _____ CLERK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



## COMPLAINT

1. This is an action for illegal sex and pregnancy discrimination in employment in violation of the Massachusetts Fair Employment Act, M.G.L.c. 151B.

2. Plaintiff Kristina Masaitis ("Masaitis") is a woman residing in Lunenburg, Massachusetts.

3. Defendant Amadeus North America ("Amadeus") is a corporation with its local office located in Waltham, Massachusetts.

4. Masaitis was hired by Amadeus in May, 2015, as a member of its Service Delivery and Support team, based in its Waltham, MA, office.

5. Masaitis was the only female of the six members of the Service Delivery and Support ("SDS") team at Amadeus.

6. Masaistis was the only person on this team with a Master's Degree in IT. The other members had lesser degrees in IT (at best), and some had only lesser degrees unrelated to IT.

7. Masaitis was also the next to most senior member of the SDS team, having been hired in May, 2015.

1

8. Masaitis at the relevant time was also pregnant and the only team member with young children.

9. Masaitis' job performance at Amadeus has always been excellent. It has never been formally criticized. and she has never been disciplined at Amadeus.

10. On or about August 31, 2020, Amadeus notified Masaitis that she had been chosen for layoff.

11. Masaitis was the only member of her SDS team chosen for layoff.

12. Michael Leek, the only other SDS Member located in Amadeus' Waltham office and someone junior to Masaitis and with a lesser degree in IT, was not laid off; he was instead changed to be a remote employee, which Masaitis could easily have done.

13. Amadeus chose Masaitis for layoff because she was a female and was pregnant at the time.

14. Masaitis' layoff was not based on geography. While her desk was physically located in the Waltham, MA. office, she represented the SDS Northern Cluster in the United States, supporting sites in Waltham, Toronto, Montreal, Ottawa, New York, Chicago, Schaumburg and Portsmouth, as well as assisting with sites in the Southern Cluster, such as Atlanta, Dallas. Miami and Tucson, traveling often to some of these sites.

15. During Masaitis' employment with Amadeus, various managers' comments about her similarly previously raised questions of sex and pregnancy discrimination. For example, in 2018 while discussing Masaitis' bonus for her 2017 performance review, her manager Michael Leek did not want to show Masaitis her bonus since it had been reduced but would not say what the reduction was.

2

16. Also, after Masaitis' 2017 review of being 50% Within Target and 50% exceeding target, she was told by management (Michael Leek and Yazdan Sarab) that scores that high were not allowed and that she would have a lower exceeding target moving forward.

17. In 2019 when Masaitis received her new job title of Service Delivery and Support Specialist and new salary, Mr. Leek mentioned that she should have had a higher salary but there was a cap at which her salary could increase.

18. In Masaitis' 2019 review (the year she took maternity leave) while she had positive leader comments and she had an increase in employee competency review (receiving 12 areas of excellence from the previous years' 6), she did not receive any exceeding target.

19. Also, various managers have made sexist comments to Masaitis and directed at her. For example, Yazdan Sarab, Director Service Delivery and Support Americas, as far back as 2017 said that she came from money; so she didn't need to work or worry about money.

20. Mr. Sarab and Mr. Leek, in or about April, 2019, said that Vic (Masaitis' husband) had a good job; so she didn't need to work.

21. Mr. Leek, from April, 2019, through September, 2019, questioned if Masaitis was coming back from maternity leave for her first child.

22. And again Mr. Leek, in or about June, 2020, said that Masaitis probably would not return from this maternity leave since she would now have two kids.

23. Due to the foregoing sex and pregnancy discrimination Masaitis lost significant monies and suffered significant pain and suffering.

**WHEREFORE** plaintiff demands:

    a. Judgment against the defendant;

3

    b. All lost wages and benefits;

    c. Compensation for plaintiff's pain and suffering;

    d. Punitive damages;

    e. Attorney's fees:

    f. All costs of this action;

    g. Interest; and

    h. Any other remedy deemed just and appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL**

                                      Kristina Masaitis
                                      By her attorney

                                      _/s/ Scott A. Lathrop_
                                      Scott A. Lathrop, Esq.
                                      176 Fitchburg Road
                                      Townsend, MA 01469
                                      (978) 597-9020
                                      scott.lathrop@comcast.net
                                      BBO No. 287820

Dated: 12/9/20